IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TYRESE DOUGHTY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Civil Action No. CBD-14-2902 |
| | ) |
| WASHINGTON METROPOLITAN | ) |
| AREA TRANSIT AUTHORITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Tyrese Doughty has filed her single count Complaint against Defendant Washington Metropolitan Area Transit Authority ("WMATA"), contending that she incurred personal injuries as a result of Defendant's negligence. Specifically, Plaintiff claims that on February 26, 2014, she was walking at Defendant's Rosslyn Metro Station when she fell as a result of a "black oily substance" on the escalator. Compl. ¶ 5. Presently before the Court is Defendant WMATA's Motion for Summary Judgment ("Defendant's Motion"). ECF No. 20. The Court has reviewed Defendant's Motion and the opposition and reply thereto. No hearing is deemed necessary. Local Rule 105.6 (D. Md.) For the reasons below, the Court hereby GRANTS Defendant's Motion.

### I. Standard of Review

A court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986);

1

Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987).  A court must construe the facts alleged and reasonable inferences in favor of the nonmoving party.  United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

To prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of fact exists and that it is entitled to judgment as a matter of law.  Pulliam Inv. Co., Inc. v. Cameo Props., 810 F.2d 1282, 1286 (4th Cir. 1987).  The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp., 477 U.S. at 323.  "[T]he burden on the moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case."  Id. at 325.

"Once the moving party discharges its burden . . . , the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial."  Kitchen v. Upshaw, 286 F.3d 179, 182 (4th Cir. 2002).  Where the nonmoving party has the burden of proof, it is that party's responsibility to confront the motion for summary judgment with an affidavit or other similar evidence.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  "The disputed facts must be material to an issue necessary for the proper resolution of the case."  Thompson Everett, Inc. v. Nat'l. Cable Adver., L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).  There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson, 477 U.S. at 249-50 (citations omitted).

## II.  Background

Defendant's Motion sets forth record evidence regarding the circumstances of Plaintiff's injury.  This evidence is provided exclusively from the transcript of Plaintiff's testimony during her deposition.  In pertinent part, Defendant states the following from the deposition:

> Plaintiff slipped and fell while walking up a moving escalator.  Deposition of Tyrese Doughty ("Doughty Dep."), pp. 16:17-17:2.
>
> It was not raining, but it had snowed the night before.  Id. at 14:13-14.
>
> Plaintiff does not recall for sure that she was holding the handrail.  Id. at 17:3-7.
>
> The escalator made no movements that caused her to slip.  Id. at 18:1-3.
>
> Plaintiff believes that an oily substance caused her to fall, based on the fact that there was an oily substance on her coat.  She did not notice the substance until she arrived at her office.  Id. at 18:4-18.
>
> Plaintiff has no information that Defendant was aware of the substance and she does not know how long the substance had been there.  Id. at 24:4-12.

Plaintiff's Opposition, in its entirety, is limited to two pages.  While the Opposition sets forth several additional "facts," Plaintiff does not direct the Court to any support in the record, nor does Plaintiff provide a supporting affidavit.  Plaintiff provides four photographs of the coat she was wearing at the time.

## III.    Discussion

### A. <u>Plaintiff has Failed to Provide Record Evidence in Opposition to Defendant's Motion</u>

Federal Rule of Civil Procedure 56 operates under a burden shifting framework, wherein the moving party has the burden to demonstrate that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56.  If the moving party makes its motion properly, the burden shifts to the non-moving party, whose "response must … set out specific facts showing a genuine issue for

trial." Fed. R. Civ. P. 56(e)(2). Unlike the moving party, the "opposing party may not rely merely on allegations or denials in its own pleadings; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Id. The opposing party must provide additional materials to successfully defend against summary judgment and those materials must include assurances to the Court that they are authentic and reliable.

Federal Rule of Civil Procedure 56 provides the types of materials that may be submitted for the court's consideration, and they include: pleadings, depositions, answers to interrogatories, admissions, and any affidavits. Fed. R. Civ. P. 56; Celotex Corp., 477 U.S. at 323. Except for admissions, all of the materials Rule 56 allows in summary judgment are presented under oath.[1] The oath, and the penalty of perjury which gives the oath its true power, gives the Court strong reason to believe that the materials supporting the motion or the opposition are authentic.

The Rule 56 requirements for summary judgment "help assure the fair and prompt disposition of cases." Orsi v. Kirkwood, 999 F.2d 86, 91 (4th Cir. 1993). "They also allow a district court to ascertain, through criteria designed to ensure reliability and veracity, that a party has real proof of a claim before proceeding to trial." Id.

Rule 56, though, "is not unfailingly rigid." United States Dep't. of Housing and Urban Affairs v. Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d 920, 926 n.8 (4th Cir. 1995). "Evidence appropriate for summary judgment need not be in a form that would be admissible at trial … Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings

---

[1] "Admissions" are even more dispositive of an issue than the other forms of reliable evidence. Admissions are the nuclear weapon in the arsenal of litigation in that admissions may have a conclusive impact upon a factual dispute.

themselves." Celotex Corp., 477 U.S. at 324.  See also Global Policy Partners v. Yessin, No. 1:09cv859, 2010 WL 675241, at *6 (E.D. Va. Feb. 18, 2010) ("It is clear that evidence not in a form admissible at trial may nonetheless be considered in summary judgment."); Lorraine v. Markel Am. Ins. Co., 241 F.R.D. 534, 537-38 (D. Md. 2007).  A "nonmoving party could defeat summary judgment with materials capable of being reduced to admissible evidence at trial." Cost Control Mktg. & Sales Mgmt. of Virginia, Inc., 64 F.3d at 926 n.8 (citing Celotex, 477 U.S. at 327).  While admissibility is important, authenticity is indispensable.  The Court must have confidence in the evidence it considers, particularly when it is contemplating a dispositive motion.  Here, the Court has no confidence because there is no record evidence from Plaintiff.

### B. **Plaintiff has Failed to Show WMATA Breached Its Duty of Care.**

In Maryland, the duty that an owner or occupier of land owes to persons entering onto the land varies according to the visitor's status as an invitee (i.e., a business invitee), a licensee by invitation (i.e., a social guest), a bare licensee, or a trespasser.  Tennant v. Shoppers Food Warehouse Md. Corp., 115 Md. App. 381, 387-88, 693 A.2d 370, 374 (1997) (citations omitted).  The highest duty is owed to a business invitee, defined as "one invited or permitted to enter another's property for purposes related to the landowner's business." Id. at 388, 693 A.2d at 374.

Storekeepers, such as Defendant, owe their business invitees or customers a duty of ordinary and reasonable care to maintain their premises in a reasonably safe condition. Moulden v. Greenbelt Consumers Serv., 239 Md. 229, 232, 210 A.2d 724, 725 (1965).  The customer is entitled to assume that the storekeeper will exercise reasonable care to ascertain the condition of the premises, and, if he discovers any unsafe condition, he will either take such action as will

5

correct the condition and make it reasonably safe or give a warning of the unsafe condition. Rawls v. Hochschild Kohn & Co., 207 Md. 113, 117-18, 113 A.2d 405, 407 (1955). The duties of a storekeeper thus include the obligation to warn customers of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers. Tennant, 115 Md. App. at 388, 693 A.2d at 374.

Nevertheless, storekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises. Rawls, 207 Md. at 118, 113 A.2d at 407. A storekeeper's liability under negligence principles for a customer's injuries arises only from a failure to observe the duty of ordinary and reasonable care. Giant Food, Inc. v. Mitchell, 334 Md. 633, 636, 640 A.2d 1134, 1135 (1994) (citations omitted).

**C.    Plaintiff has Failed to Present Record Evidence of Defendant's Actual or Constructive Notice of a Dangerous Condition.**

In Rawls, the Court of Appeals held that the plaintiff's proof was insufficient to establish that the defendant was negligent as a matter of law. The customer, after waiting outside in the rain for the store to open, fell down the interior stairs upon entry. She alleged that there was water on the stair that caused her to slip. The plaintiff could neither prove that the water was present prior to her fall nor that the water was present because of the defendant's negligence. The Court opined, "even assuming that there was some water on the stairway before plaintiff fell, there was no evidence to indicate how it had been brought there or how long it had been there." Rawls, 207 Md. at 117, 113 A.2d at 407. Furthermore, the mere presence of the water did not justify "the inference that it had been long enough to enable defendant to discover and correct it by the exercise of ordinary care." Id., 113 A.2d at 407.

In <u>Moulden</u>, the Court of Appeals affirmed the trial court's grant of a directed verdict where "there was no evidence of actual or constructive notice of a dangerous condition." <u>Moulden</u>, 239 Md. at 233, 210 A.2d at 725.  There, the appellant asserted that she slipped on a string bean on the floor in the aisle of the store's frozen food department.  The Court rejected the argument that the coloring of the bean and its location were sufficient to make a prima facie case which required the proprietor to proceed with its evidence.  The Court opined that "[t]he bean may have fallen from a grocery cart a few moments before she walked up the aisle." <u>Id.</u>, 210 A.2d at 725.  Thus, without speculation, the plaintiff failed to establish that the defendant's negligence was the proximate cause of the complained-of injury.

In <u>Maans</u>, the Court of Special Appeals affirmed the trial court's grant of a motion for judgment.  The customer slipped and fell on a liquid near the check-out registers.  The trial court granted the store's motion for judgment upon determining that the customer failed to prove that the store had either constructive or actual notice of the wet floor.  There, the plaintiff "did not see anything on the floor before or after she fell." <u>Maans v. Giant of MD.</u>, 161 Md. App. 620, 624, 871 A.2d 627, 629 (Md. Ct. Spec. App. 2005).  The plaintiff neither felt water, nor were her clothes wet and she "did not know how the water got on the floor or how long it had been there prior to her fall." <u>Id.</u>, 871 A.2d at 629.  The defendant's ranking employee on duty testified that she found "a couple of drops of Citra soda on the floor." <u>Id.</u>, 871 A.2d at 629.  According to testimony, "the drops led directly from [another] customer's shopping cart back to where Maans fell." <u>Id.</u> at 625, 871 A.2d at 629.

The <u>Maans</u> court reaffirmed that "the burden is on the customer to show that the proprietor created the dangerous condition or had actual or constructive knowledge or its existence prior to the invitee's injury." <u>Id.</u> at 628, 871 A.2d at 630 (citations omitted).  The court

found it fatal that, even assuming defendant breached its duty to make reasonable inspections, the plaintiff failed to "produce any evidence that had Giant made reasonable inspections prior to the accident it would have discovered the water on the floor in time to prevent the accident." Id. at 632, 871 A.2d at 634.

It is clear under Rawls, Moulden and Maans, absent evidence of actual or constructive notice of the dangerous condition in sufficient time to warn or make safe, Defendant is entitled to judgment as a matter of law. Defendant points out, and the record evidence shows, that Plaintiff did not see anything on the escalator steps. Her claim is merely "that something bad happened." There is no record evidence to support Plaintiff's claim. There is no evidence that Defendant was aware of the condition of the escalator or that there was a substance on it. Defendant is entitled to judgment as a matter of law.

### IV.   Conclusion

The Court finds that no genuine issue of material fact exists and that Defendant is entitled to judgment as a matter of law. For the foregoing reasons, Defendant WMATA's Motion for Summary Judgment is GRANTED. The Court will enter a separate Order consistent with this opinion.

December 21, 2015                                     /s/
                                                      Charles B. Day
                                                      United States Magistrate Judge

CBD/bab